IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,922-01






EX PARTE RONALD BRADEN SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR11-268A IN THE 235TH DISTRICT COURT


FROM COOKE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
engaging in organized criminal activity, and was sentenced to thirty-two years' imprisonment. He
did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
the State extended an offer of seven years' imprisonment, but counsel failed to tell the prosecutor
that Applicant would accept the offer.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
prosecutor made an offer of seven years' imprisonment in exchange for Applicant's plea of guilty
in the case. If the prosecutor did make such an offer, the trial court shall make findings as to whether
counsel communicated the offer to Applicant, and if so, whether Applicant indicated a desire to
accept the offer. The trial court shall make findings as to what advice counsel gave Applicant with
respect to accepting or rejecting any plea offer(s). If Applicant did indicate a desire to accept a plea
offer from the State, the trial court shall make findings as to whether counsel advised the prosecutor
that Applicant would accept the offer. The trial court shall make findings as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 13, 2013

Do not publish